IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **TERRY MEEKS** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:20-cv-00113 |
| § | |
| **IBN UTHMAN KEARSE AND** § | |
| **CAMERON LOGISTICS, LLC.** § | |
| Defendants. § | |

## PLAINTIFF'S EXPERT DESIGNATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, TERRY MEEKS, and files this his Designation of Expert Witnesses pursuant to the Scheduling Order in effect in this matter, and as previously identified in Plaintiff's Initial Disclosure, and as supplementation of any previous response to a discovery request pursuant to the Federal Rules of Civil Procedure and local rules thereto.

### Non Retained Experts

Although not retained as testifying experts by Plaintiff herein, the following individuals possess the necessary skill, experience, training, and education to render expert opinions pursuant to Rule 702 of the Federal Rules of Evidence, and are hereby designated as expert witnesses by Plaintiff herein:

> **Odessa Police Department, including but not limited to Officer Alexis Ortiz, Badge No. 0216, and representatives, agents, and custodians of records.**
> 205 N. Grant Avenue
> Odessa, Texas 79761
> T: 432-333-3641
> Will testify concerning their investigation of the accident and any opinions they concluded from that investigation. They will also testify factually of their investigatory findings and utilize any and all photographs or drawings as part of their official file necessary to support their findings. Their testimony will include not only any facts they

observed but any opinions based upon their expertise, training, and experience with respect to causation and fault of the collision.

**NHH Services & Medallion Transport Holding, Inc, including but not limited to representatives, agents, and the custodian of records**
**307 Oates Road, Suite H**
**Mooresville, NC 28117**
Will testify with regard to the nature of Mr. Meek's self-employment, including but not limited to the legal nature of the employment, the details of employment and the financial compensation of the employment.

**St. Lucie Appraisal Company, including but not limited to Franklin Colletta, representatives, agents, and the custodian of records**
**T: 772-359-4300**
**contact@stlucieappraisal.net**
Will testify with regard to the appraisal and determination of diminished value of Plaintiff's trailer after the collision.

**Midland Emergency Management**
**P.O. Box 734896**
**Chicago, IL 60673**
**T: 800-225-0953**
Will testify with regard to Mr. Meek's imaging for injuries sustained as a result of the motor vehicle collision made the basis of this lawsuit. Testimony will be offered concerning the imaging, examination, care and treatment for complaints of back and shoulder pain sustained in the motor vehicle collision made the basis of this suit. Will also testify that the services rendered for the care and treatment of Plaintiff were reasonable and necessary and that the charges for those services rendered in that county were reasonable, usual, and customary.

**Midland Memorial Hospital, Including but not limited to, representatives, agent and the Custodian of Records**
**400 Rosalind Redfern Grover Parkway**
**Midland, Texas 79701**
**T: 432-221-1111**
Will testify with regard to Mr. Meek's imaging for injuries sustained as a result of the motor vehicle collision made the basis of this lawsuit. Testimony will be offered concerning the imaging, examination, care and treatment for complaints of back and shoulder pain sustained in the motor vehicle collision made the basis of this suit. Will also testify that the services rendered for the care and treatment of Plaintiff were reasonable and necessary and that the charges for those services rendered in that county were reasonable, usual, and customary.

**Southwest Medical Imaging, Inc., including but not limited to representatives, agents and the Custodian of Records**
**PO Box 1512**
**Lowell, AR 72745**
**T: 888-929-1178**
Will testify with regard to Mr. Meek's imaging for injuries sustained as a result of the motor vehicle collision made the basis of this lawsuit. Testimony will be offered concerning the imaging, examination, care and treatment for complaints of back and shoulder pain sustained in the motor vehicle collision made the basis of this suit. Will also testify that the services rendered for the care and treatment of Plaintiff were reasonable and necessary and that the charges for those services rendered in that county were reasonable, usual, and customary.

**Back Pain Institute, including but not limited to representatives, agents and the Custodian of Records**
**1030 N. Grandview**
**Odessa, Texas 79761**
**T: 432-332-3388**
**F: 432-332-3390**
Will testify with regard to Mr. Meek's pain management, care, and treatment for injuries sustained as a result of the motor vehicle collision made the basis of this lawsuit. Testimony will be offered concerning the examination, care, and treatment for complaints of back and shoulder following the motor vehicle collision made the basis of this suit. Will also testify that the services rendered for the care and treatment of Plaintiff were reasonable and necessary and that the charges for those services rendered in that county were reasonable, usual, and customary.

**Dr. Elliot I. Clemence, including but not limited to representatives, agents and the Custodian of Records**
**7500 Barlite Blvd. Suite 309**
**San Antonio, Texas 78224**
**T: 210-924-9000**
**F: 210-924-7300**
Will testify with regard to Mr. Meek's pain management, care, and treatment for injuries sustained as a result of the motor vehicle collision made the basis of this lawsuit. Testimony will be offered concerning the examination, care, and treatment for complaints of back and shoulder pain following the motor vehicle collision made the basis of this suit. Will also testify that the services rendered for the care and treatment of Plaintiff were reasonable and necessary and that the charges for those services rendered in that county were reasonable, usual, and customary. He will further testify as to the meaning and impact the injury on Plaintiff's health now and in the future. He will further testify as to the necessity and the reasonable and necessary costs associated with all future medical care and treatment for the injuries sustained in the collision made the basis of this lawsuit. He may also refer to and testify based upon other medical providers'

records. The Doctor will testify that, to a reasonable degree of medical certainty, the collision made the basis of this lawsuit caused the injuries of which Plaintiff complains. You are referred to this medical provider's records for his care and treatment of the Plaintiff.

**Dr. Frank Kuwamura, III, including but not limited to representatives, agents and the Custodian of Records**
**525 Oak Centre, Suite 100**
**San Antonio, Texas 78258**
**T: 210-504-3650**
Will testify with regard to Mr. Meek's pain management, care, and treatment for injuries sustained as a result of the motor vehicle collision made the basis of this lawsuit. Testimony will be offered concerning the examination, care, and treatment for complaints of back and shoulder pain following the motor vehicle collision made the basis of this suit. Will also testify that the services rendered for the care and treatment of Plaintiff were reasonable and necessary and that the charges for those services rendered in that county were reasonable, usual, and customary. He will further testify as to the meaning and impact of injury on the Plaintiff's health now and in the future. He will further testify as to the necessity and the reasonable and necessary costs associated with all future medical care and treatment for the injuries sustained in the collision made the basis of this lawsuit. He may also refer to and testify based upon other medical providers 'records. The Doctor will testify that, to a reasonable degree of medical certainty, the collision made the basis of this lawsuit caused the injuries of which Plaintiff complains. You are referred to this medical provider's records for his care and treatment of the Plaintiff.

The following procedure has been recommended by Dr. Kuwamura as set out in his medical records: The recommended surgical intervention for Mr. Meeks is an anterior cervical discectomy with artificial disc replacement at C5/6. The estimated cost for this surgery would be $228,000.

**Golder CAT Scan& MRI, including but not limited to representatives, agents and the Custodian of Records**
**613 Golder Avenue**
**Odessa, Texas 79761**
**T: 432-333-4906**
**F: 432-580-9898**
Will testify with regard to Mr. Meek's imaging for injuries sustained as a result of the motor vehicle collision made the basis of this lawsuit. Testimony will be offered concerning the imaging, examination, care and treatment for complaints of back and shoulder pain sustained in the motor vehicle collision made the basis of this suit. Will also testify that the services rendered for the care and treatment of Plaintiff were reasonable and necessary and that the charges for those services rendered in that county were reasonable, usual, and customary.

**Optimus Physical Therapy**
**4311 Andrews Hwy**
**Midland, TX 79703**
**T:  432-520-5600**
Will testify with regard to Mr. Meek's chiropractic care and treatment for injuries sustained as a result of the motor vehicle collision made the basis of this lawsuit.  Testimony will be offered concerning the examination, care, and treatment for complaints of back and right wrist pain following the motor vehicle collision made the basis of this suit.  Will also testify that the services rendered for the care and treatment of Plaintiff were reasonable and necessary and that the charges for those services rendered in that county were reasonable, usual, and customary.

**Texas Tech Physicians of the Permian Basin**
**301 N. Avenue N**
**Midland, TX 79701**
**T:  432-620-5800**
Will testify with regard to Mr. Meek's care and treatment for injuries sustained by as a result of the motor vehicle collision made the basis of this lawsuit. Testimony will be offered concerning the examination, imaging, and medical treatment to Plaintiff for injuries sustained, care and treatment for complaints of the right wrist following the motor vehicle collision made the basis of this suit. Will also testify that the services rendered for the care and treatment of Plaintiff were reasonable and necessary and that the charges for those services rendered in that county were reasonable, usual and customary.

Plaintiff further designates any witness who has been or is subsequently deposed, who by their education, training, or experience qualifies to offer opinion testimony under the Federal Rules of Evidence.

### Retained Experts

Plaintiff has not formally retained any expert witnesses at this time.

### Non-Exclusive Reservations

Plaintiff reserves the right to cross-designate and cross-examine expert witnesses identified or designated by any other party or any employee or representative of any other party to elicit expert opinions subject to any objections Plaintiff may make concerning the designation of those

5

experts.

Plaintiff reserves the right to supplement or amend this designation within the limitations imposed by the Court, within any alterations or scheduling by subsequent Court Order or agreement of the parties, and/or pursuant to the Federal Rules of Civil Procedure and local rules thereto, and the Federal Rules of Evidence.

Plaintiff reserves the right to identify experts in rebuttal to those experts identified by the Defendant.

Plaintiff reserves the right to call undesignated, rebuttal expert witnesses whose testimony cannot be reasonably foreseen until the presentation of evidence at trial.

Plaintiff reserves the right to withdraw the designation of any expert who avers positively that any such previously designated expert will not be called as a witness at trial, and to re-designate them as a consulting expert.

Plaintiff reserves the right to elicit any expert opinion or lay opinion testimony at the time of trial that would be of benefit to the jury to determine material issues of fact so long as eliciting testimony would not be in violation of any existing Court Order, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence.

Plaintiff reserves the right to elicit technical or other specialized knowledge or expert opinion testimony through direct or cross examination from potential fact witnesses based on the witnesses' knowledge, skill, experience, training, or education, and concerning the subject of the witnesses' personal knowledge and involvement in the matters at issue.

Plaintiff reserves the right to designate as an expert witness all medical providers who have treated any party for the injuries made the basis of this suit and/or any physical condition/injuries that occurred prior to or subsequent to the incident in question that may be relevant to any party's

6

claims.

Plaintiff reserves the right to designate as an expert witness all investigators, witnesses, and or any other person who investigated, witnessed, or was present at the scene of the collision should the individual's experience and background support their expert testimony and their opinions would be useful to the trier of fact to determine material issues of fact.

                    Respectfully submitted,

                    */s/ Paul R. Sadler*
                    Paul L. Sadler
                    FBN: 17512400
                    Crystal S. Sadler
                    SBN: 24103911
                    SADLER & SADLER
                    Of counsel with Carabin Shaw, PC
                    8100 Broadway, Suite 200
                    San Antonio, Texas 78209
                    T: 210-908-7000
                    F: 210-200-8695
                    ps@sadlerandsadler.com
                    css@sadlerandsadler.com
                    e-service: service@sadlerandsadler.com
                    ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed via the Court's ECF system and caused to be served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on the 2nd day of June, 2021.

Leonard R. (Bud) Grossman
BudG@CTHGlawfirm.com
Jonathan Galley
SBN 24074243
**ATTORNEYS FOR DEFENDANTS,**
**CAMERON LOGISTICS, LLC**
**and IBN UTHMAN KEARSE**
    *Attorneys for Defendant*

/s/ Paul L. Sadler

**PAUL L. SADLER**